IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS THOMAS, | : | Civil No. 3:21-cv-1438 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SUPERINTENDENT LOUIS FOLINO, et al., | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff Curtis Thomas ("Thomas"), an inmate confined at the State Correctional Institution at Benner Township ("SCI-Benner"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via a second amended complaint. (Doc. 8). Named as Defendants are Superintendent Louis Folino, Superintendent Morris Houser, Superintendent's Assistant Quist, Deputy Superintendent Klinefelter, Deputy Superintendent Booher, Grievance Coordinator Burd, Sergeant Koleno, Unit Manager Potts, and John Doe. Presently before the Court is Defendants' Rule 12(b)(6) motion (Doc. 15) to dismiss. The motion is ripe for resolution. For the reasons set forth below, the Court will grant the motion. The Court will also dismiss the action against the John Doe Defendant pursuant to Federal Rule of Civil Procedure 4(m).

I.   **Allegations of the Second Amended Complaint**

Thomas alleges that he was transferred to the State Correctional Institution at Greene ("SCI-Greene"), and upon arrival, his legal materials were confiscated and held for eight years. (Doc. 8, p. 3; Doc. 8-1, p. 3). On December 28, 2015, Thomas was transferred from SCI-Greene to SCI-Benner and his legal materials were again confiscated and held for five years. (Doc. 1, p. 5; Doc. 8, p. 3; Doc. 8-1, p. 3). Thomas alleges that the confiscation of his legal materials "deprived [him] of access to the courts." (Doc. 8, p. 3; Doc. 8-1, p.3).

II.   **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

3

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. <u>Discussion</u>

### A. **Statute of Limitations**

Defendants seek to dismiss the second amended complaint as barred by the statute of limitations. (Doc. 16, pp. 3-4). They seemingly argue that because the statute of limitations defect is clear on the face of the complaint, i.e., the cause of action accrued five to eight years ago, and the original complaint is file-stamped August 19, 2021, it is appropriate to address the issue on a motion to dismiss. (*Id.*).

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Thomas' claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

The allegations of the second amended complaint pertain to incidents that admittedly occurred several years ago. (Docs. 1, 4, 8). Thomas asserts that when he arrived at SCI-Greene, his legal materials were confiscated and held for eight years. (Doc. 8, p. 3). He further asserts that he was transferred from SCI-Greene to SCI-Benner on December 28, 2015, and his legal materials were again confiscated. (Doc. 1, p. 5; Doc. 8, p. 3). Based on these allegations, the statute of limitations began running at the latest, on December 28, 2015. (Docs. 1, 8). Thomas did not file his original complaint until June 14, 2021.[1] Because the conduct giving rise to Thomas' claims took place prior to June 14, 2019, the earliest possible date on which any allegation in the complaint could be deemed timely, his claims are barred by the two-year statute of limitations applicable to § 1983 actions.

### B.  Lack of Personal Involvement

Assuming *arguendo* that this action is timely filed, Defendants move to dismiss the second amended complaint based on their lack of personal involvement in the alleged constitutional violations. (Doc. 16, pp. 5-6).

---

[1] Under the prison mailbox rule, a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Pabon v. Superintendent S.C.I. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). In establishing this rule, the Supreme Court recognized the unique challenge prisoners confront in that they cannot personally deliver their documents to the courthouse for filing, nor can they control when their documents are approved to be sent through the mail. *Houston*, 487 U.S. at 271. "The *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.* at 275. Based on the date of execution of the complaint, June 14, 2021, the complaint is deemed filed on June 14, 2021.

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must

6

be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *Id.* at 1207.

Thomas attempts to hold the Defendants liable based on their supervisory roles. (*See* Doc. 8, pp. 1-3; Doc. 8-1, pp. 1-3). It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Accordingly, insofar as Thomas' claims against the Defendants rely on a *respondeat superior* theory of liability, they are entitled to dismissal from this action.

Additionally, any attempt to hold the Defendants liable based on their involvement in the grievance procedure also fails. Courts have routinely held that the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992). Dissatisfaction with responses to an inmate's grievances does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005) (concluding that involvement in the post-incident grievance process is not a basis for § 1983

liability). Any claims against the Defendants that are premised on their respective roles in the grievance process will be dismissed.

### C. First Amendment Access to Courts Claim

Again, assuming that Thomas' action is timely filed, his claims fail on the merits. Thomas alleges that Defendants violated his First Amendment right of access to the courts. (See Docs. 8, 8-1). In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's limited right of access to the courts. Prisoners are not necessarily "capable of filing everything" but have a right of access to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis v. Casey, 518 U.S. 343, 355 (1996). "The right of access to the courts must be adequate, effective and meaningful and must be freely exercisable without hindrance or fear of retaliation." Milhouse v. Carlson, 652 F.2d 371, 374 (3d Cir. 1981) (internal citations omitted). Following Lewis, courts have consistently recognized that such claims require some proof of an actual, concrete injury, in the form of direct prejudice to the plaintiff in the pursuit of some legal claim. See Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997). An inmate must demonstrate "(1) that they suffered an actual injury—that they lost a chance to pursue a non-frivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotations omitted).

The confiscation or destruction of legal materials by prison officials may constitute a denial of court access. *See Zilich v. Lucht*, 981 F.2d 694, 695-96 (3d Cir. 1992). However, Thomas has not sufficiently alleged that "he lost the opportunity to pursue a nonfrivolous or arguable underlying legal claim due to the actions of defendants." *Blanchard v. Fed. Bureau of Prisons*, 428 F. App'x 128, 130 (3d Cir. 2011) (citing *Monroe*, 536 F.3d at 205-06). He merely states, in a conclusory fashion, that he was denied access to courts by Defendants' alleged confiscation of his legal materials. In failing to properly allege facts showing actual injury or some legal loss, Thomas fails to allege that Defendants' conduct imposed a substantial impact on him. *See Monroe*, 536 F.3d at 205-06 (stating that the complainant in an access to the courts claim "must describe the underlying arguable claim well enough to show that it is 'more than mere hope', and it must describe the 'lost remedy.'") (citation omitted). Consequently, Defendants' motion to dismiss the First Amendment claim will be granted.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515

9

F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The Court finds that further amendment would be futile because Thomas' claims are barred by the statute of limitations. Moreover, Thomas has filed two amendments to the complaint and has failed to remedy the deficiencies. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

## V.  Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The John Doe Defendant was named in the original complaint that was filed on June 14, 2021 and, to date, has not been identified or served in this case. The Court must engage in a two-step process in determining whether to dismiss the non-served Defendant or grant Thomas additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298,

1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Thomas failed to establish good cause. After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Thomas that the action against the John Doe Defendant was subject to dismissal and directed him to show cause why the action against this Defendant should not be dismissed pursuant to Rule 4(m). (Doc. 21). Thomas failed to respond to the Rule 4 show cause order, and his *pro se* status is not good cause to excuse his failure to timely identify or serve the John Doe Defendant. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Thomas failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). It is Thomas' responsibility to properly identify all defendants, and provide

accurate mailing addresses for the defendants, in a timely fashion. (*See* Doc. 9 ¶ 3) (advising Thomas that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Thomas' lack of good faith effort to identify or serve the John Doe Defendant despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-identified, non-served Defendant will be dismissed from this action.

## VI. Conclusion

The Court will grant Defendants' motion (Doc. 15) to dismiss. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 22, 2022